■ In the Matter of MATTHEW G. CONNOLLY, a Suspended Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [883 NYS2d 746]—

Per Curiam. Respondent was admitted to practice by this Court in 1984. He maintained an office for the practice of law in New Jersey where he was admitted in 1984.

Respondent was suspended by this Court by decision dated June 11, 2009, based upon his February 2009 temporary suspension in New Jersey (Matter of Connolly, 63 AD3d 1369 [2009]). In the New Jersey proceeding, respondent admitted substantial conversion of client funds. By order dated May 14, 2009, the Supreme Court of New Jersey disbarred respondent, upon his consent, for the misappropriation of client trust funds.

Petitioner now moves for an order imposing discipline based upon the latest New Jersey order (see 22 NYCRR 806.19). Respondent has not replied to or otherwise appeared in response to the motion, which we grant. Having considered the very serious misconduct which gave rise to respondent's discipline in New Jersey and having due regard for the discipline imposed by

that state, we conclude that the same discipline should be imposed by this Court, i.e., disbarment.

Peters, J.P., Spain, Kavanagh, McCarthy and Garry, JJ., concur. Ordered that petitioner's motion is granted; and it is further ordered that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately, and it is further ordered that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (*see* 22 NYCRR 806.9).